WO                                                                                          KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                          Plaintiff,<br><br>vs.<br><br>Jose Benjamin Hernandez,<br><br>                          Defendant/Movant. | No.  CV 13-1515-PHX-GMS (MHB)<br><br>        CR 09-1114-PHX-GMS<br><br>**ORDER** |

        Movant Jose Benjamin Hernandez, who is confined in the Federal Correctional Institution in Forest City, Arkansas, has filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  The Court will call for an answer to the § 2255 Motion.

**I.     Procedural History**

        Movant pled guilty, without a plea agreement, to two counts of Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. § 846(a)(1) and (b)(1)(A)(viii), and Distribution and Possession with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) and 18 U.S.C. § 2.  On October 21, 2010, the Court sentenced Movant to a 235-month term of imprisonment followed by 5 years on supervised release.

TERMPSREF

On October 29, 2010, Movant filed a Notice of Appeal.   On May 16, 2012, the Ninth Circuit Court of Appeals issued a decision and mandate affirming Movant's conviction and sentence.

**II.     Section 2255 Motion**

Movant raises three grounds for relief in the § 2255 Motion:

> (1)     Movant's counsel was ineffective in failing to inform Movant of a plea offer;
>
> (2)     Movant's counsel was ineffective in failing to recommend a downward departure for acceptance of responsibility; and
>
> (3)     Movant's sentence violates the Constitution because Movant's sentence was enhanced for possession of a firearm during a drug trafficking crime, but Movant was not in possession of a firearm.

The Court will require a response to the § 2255 Motion.

**III.    Motions**

**A.     Motion for Court Documents**

On August 12, 2013, Movant filed a Motion for Court Documents at Government Expense (Doc. 4).  Movant seeks a copy of the docket sheet and a copy of the transcripts for his change of plea hearing.

The Court will grant the Motion to the extent that Court will direct the Clerk of Court to send Movant a copy of the docket in CR 09-1114-PHX-GMS.  With respect to Movant's request for transcripts, the United States will pay fees for transcripts furnished to prisoners who have filed a § 2255 motion if (1) the prisoner has been permitted to proceed *in forma pauperis*, and (2) the Court certifies that the claim raised in the § 2255 proceeding is not frivolous and the transcript is needed to decide the motion. 28 U.S.C. § 753(f).  The Court will deny the Motion, without prejudice, because Movant has not sought to proceed *in forma pauperis*.  Moreover, a copy of the transcript for the change of plea hearing was ordered for appeal.  Movant has not explained why he cannot obtain this copy from his appellate counsel.

**B.      Motion to Appoint Counsel**

On September 27, 2013, Movant filed a Motion for Appointment of Counsel (Doc. 5). Counsel must be appointed when necessary for effective discovery and when an evidentiary hearing is required.  Rules Governing § 2255 Proceedings for the United States District Courts 6(a) and 8(c).  At this early juncture, neither are required.  Appointment is also required when the complexities of the case are such that lack of counsel would equate with the denial of due process.  *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).  There is presently no indication that lack of counsel would result in the denial of due process.

Otherwise, the court must determine whether the "interests of justice" require the appointment of counsel.  *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)).  This determination is guided by an assessment of the likelihood of success on the merits and movant's ability to articulate his claims in light of the complexity of the legal issues.  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Movant has not made the necessary showing for appointment of counsel at this time, and, therefore, the Court will deny without prejudice his Motion for Appointment of Counsel.  If, at a later date, the Court determines that discovery or an evidentiary hearing is required, counsel will be appointed in accordance with Rule 6(a) or Rule 8(c) of the Rules Governing Section 2255 Proceedings.

**IV.     Warnings**

**A.      Address Changes**

Movant must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Movant must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.      Copies**

Movant must serve Respondent, or counsel if an appearance has been entered, a copy of every document that Movant files. Fed. R. Civ. P. 5(a).  Each filing must include

TERMPSREF

a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Movant must submit an additional copy of every filing for use by the Court.  LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Movant.

### C.   Possible Dismissal

If Movant fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Clerk of Court must serve a copy of the § 2255 Motion (Doc. 1 in CV 13-1515-PHX-GMS (MHB)), the Memorandum in Support (Doc. 3), and this Order on the United States Attorney for the District of Arizona.

(2)     The parties and the Clerk of Court **must file** all documents related to the § 2255 Motion in the **civil case**.

(3)     The United States Attorney for the District of Arizona has **60 days** from the date of service within which to answer the § 2255 Motion and Motion for Court Documents.  The United States Attorney may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer.  Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense.  *Day v. McDonough*, 547 U.S. 198, 209-11 (2006).  If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2255 Cases.

(4)     Movant may file a reply within **30 days** from the date of service of the answer to the § 2255 Motion.

(5)     Movant's August 12, 2013 Motion for Court Documents (Doc. 4) is **granted in part** to the extent that the Clerk of Court must send Movant a copy of the

1  docket for CR 09-1114-PHX-GMS.   The Motion is **denied without prejudice** with
2  respect to all other relief requested.

3      (6)     Movant's September 27, 2013 Motion for Appointment of Counsel (Doc. 5)
4  is **denied without prejudice**.

5      (7)     The matter is referred to Magistrate Judge Michelle H. Burns pursuant to
6  Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a
7  report and recommendation.

8          Dated this 25th day of October, 2013.

G. Murray Snow
United States District Judge

**TERMPSREF**

- 5 -