# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Benjamin Hernandez,<br><br>    Petitioner,<br><br>v.<br><br>USA,<br><br>    Respondent. | No. CV-13-01515-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Petitioner Jose Benjamin Hernandez's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) and United States Magistrate Judge Michelle H. Burns' Report and Recommendation ("R & R"), which recommends that the Court deny the Motion. (Doc. 23.) Petitioner filed objections to the R & R on August 25, 2014. (Doc. 26.) Therefore, the Court will review the record on all relevant matters de novo. The Court accepts the R & R as to the second and third argument raised in Petitioner's objection and orders a hearing as to the first argument asserted as set forth below.

**BACKGROUND**

On August 27, 2009, Petitioner was arrested during a drug deal in which he possessed methamphetamine. Although Petitioner did not possess a firearm at his arrest, a co-conspirator, Jesus Rivera-Alvarado, did. Officers also found two firearms in a vehicle driven by Felix Pita-Mota and Juan Carreno-Guitierrez, two other individuals involved in the deal. Petitioner, Rivera-Alvarado, Felix Pita-Mota, and Carreno-Guitierrez all departed from the home of Jose Luis Pita-Mota to arrive at the deal location. Petitioner

later acknowledged that he lived with Jose Pita-Mota for two to three months before his arrest, and during that time he observed Pita-Mota make methamphetamine and met with Pita-Mota's drug suppliers. Three weeks before the deal, Pita-Mota also showed Petitioner a .38 super firearm that he possessed.

After being detained, Petitioner was charged with the crimes of (1) conspiracy to possess methamphetamine with intent to distribute (the "First Count"), and (2) distribution and possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (the "Second Count"). He also engaged in a "free talk" with the Government, in which Petitioner was to give a full and honest account of the crimes about which he knew and the Government would evaluate the information in good faith without promising anything in return. The Government terminated the free talk when it ascertained that Petitioner was not being truthful. The Government later offered Petitioner a deal in which the government agreed to drop the Second Count if Defendant pled guilty to the First. The Government further agreed to recommend a sentence no higher than the middle of the Sentencing Guidelines range.[1] Petitioner alleges that his trial counsel never told him about this offer and that the offer expired.

Petitioner pled guilty to the First and Second Counts without entering into a plea agreement. At sentencing, Petitioner's presentencing report included a sentence enhancement for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1). The report also included a downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(b). The Court accepted the proposed Sentencing Guidelines calculation in the report. On direct appeal, Petitioner challenged the Court's imposition of the sentence enhancement for possession of a weapon. (*Id.*, Ex. 4.) The Ninth Circuit affirmed the sentence. (*Id.*, Ex. 5.)

Petitioner brings the current Motion, requesting relief under § 2255 on grounds

---

[1] The Government has attached an unsigned plea agreement to its Response to this Motion. (*See* Doc. 11, Ex. 5.)

- 2 -

that (1) Petitioner's counsel was ineffective in failing to inform Petitioner of a plea offer; (2) Petitioner's counsel was ineffective in failing to recommend a downward departure for acceptance of responsibility; and (3) Petitioner's sentence violates his Sixth Amendment right to a jury trial because the sentence was enhanced for possession of a firearm when Petitioner did not possess a firearm at his arrest. (Doc. 1.)

**DISCUSSION**

**I.  Legal Standard**

A federal prisoner may seek relief under 28 U.S.C. § 2255(a) if his sentence was imposed in violation of the United States Constitution or the laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. When a prisoner petitions for post-conviction relief, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* § 636(b)(1). If a petitioner files timely objections to the magistrate's R & R, the district judge must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.*; *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also* Fed. R. Civ. P. 72(b).

A § 2255 petition is an "extraordinary remedy," however, and "will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (citation omitted). If a prisoner could have raised a claim on direct appeal but did not do so, he has "procedurally defaulted" on that claim and cannot present it in a 2255 petition unless he shows (1) cause for failing to raise it on direct appeal and "actual prejudice" from that failure or (2) that he is "actually innocent." *Id.* at 622 (citations omitted). A claim is exempt from the procedural default rule, however, if it cannot be presented without further factual development. *Id.* at 621. A claim of ineffective assistance of counsel may fall within this exemption. *Masaro v. United States*, 538 U.S. 500, 509 (2003).

Section 2255 "requires the District Court to hold an evidentiary hearing unless the 'files and records of the case conclusively show that the prisoner is entitled to no relief.'"

*Crispo v. United States*, 443 F.2d 13, 14 (9th Cir. 1971) (quoting 28 U.S.C. § 2255). "To earn the right to a hearing, therefore, [a petitioner is] required to allege specific facts which, if true, would entitle him to relief." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996); *see also United States v. Burrows*, 872 F.2d 915, 916 (9th Cir. 1989) ("The district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.").

### A. Ground One: Ineffective Assistance of Counsel, Plea Agreement

The two-prong test for establishing ineffective assistance of counsel was established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 687–88.

The Supreme Court has held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012). By breaching this duty, counsel fails to provide the "the effective assistance the Constitution requires"—that is, counsel fails to adhere to the objective standard of reasonableness established in *Strickland*. *Id.* However, "where a plea offer has lapsed or been rejected because of counsel's deficient performance," defendants must still show prejudice, or

> a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Id.* at 1409.

In the present case, Petitioner alleges that he was never apprised of the plea bargain that the Government offered. He also alleges that he would have accepted the earlier plea bargain had he known of it. Complicating this assertion is the fact that Petitioner did receive a sentence of less prison time with his guilty plea than what the Government recommended in the plea bargain. Nevertheless, under the plea bargain, he would have entered a plea only as to the First Count and not to both the First and Second Counts. In such a circumstance, even assuming that the plea bargain would not have resulted in a lesser sentence, Petitioner can establish potential prejudice by alleging that he would have plead guilty to a lesser charge, since he would have pleaded guilty to one count of the indictment instead of two.  *See Frye*, 132 S. Ct. at 1409.

These allegations, if true, would support a conclusion that Petitioner was prejudiced by ineffective counsel. But, of course, allegations alone do not entitle Petitioner to a modification of his current sentence. Rather, when considered with the unsigned plea agreement attached to the Government's Response, these allegations raise a question that is not conclusively answered by the "files and records of the case." 28 U.S.C. § 2255. Petitioner is entitled to a limited evidentiary hearing regarding whether he knew of the plea offer at any time before it expired and whether he would have accepted the plea if communicated to him. Defendant's trial attorney may have information relevant to this question and is, therefore, ordered to provide this evidence at the hearing as explained below.

**B.     Ground Two: Ineffective Assistance of Counsel, Acceptance of Responsibility**

Petitioner next claims that his counsel provided ineffective assistance by failing to recommend a downward departure from the Sentencing Guidelines for acceptance of responsibility. Because Petitioner did receive a downward departure for acceptance of responsibility, this claim fails to show prejudice. *See Strickland*, 466 U.S. at 694. (holding that a petitioner must show "that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different."); *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000) ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (quoting *Strickland*, 466 U.S. at 697)). The Court accepts the R & R as to Count Two.

### C. Ground Three: Firearm Possession Sentence Enhancement

Petitioner originally contended on direct appeal that the sentence enhancement for possession of firearm was based on insufficient evidence. (*See* Doc. 11, Ex. 4.) In the current Motion, petitioner reiterates this argument but also claims that his Sixth Amendment right to a jury was violated when the Court applied the sentence enhancement. The Government contends that the Sixth Amendment argument is procedurally defaulted. However, because the Ninth Circuit has held that certain constitutional claims, including Sixth Amendment claims, may be raised initially in a § 2255 motion, this argument is not procedurally defaulted. *See United States v. Spawr Optical Research, Inc.*, 864 F.2d 1467, 1471 (9th Cir. 1988) ("In this case, each of the Spawrs' claims is constitutionally based, either on the Fifth or Sixth Amendment. Thus, the general rule that claims cannot be raised initially in a § 2255 motion is inapplicable.").

The Supreme Court has held it is no violation of the Sixth Amendment for judges to "exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment within the range prescribed by statute." *Apprendi v. New Jersey*, 530 U.S. 466, 481 (2000): *see also United States v. Chavez*, 611 F.3d 1006, 1009 (9th Cir. 2010) (holding that a Sixth Amendment challenge to a sentence is not appropriate "simply because it is harsher than a defendant would prefer"). Because petitioner cannot contend that his sentence was outside the statutory range, which in this case included a potential life sentence, this argument is misplaced.

Petitioner also contends that there was insufficient evidence upon which to apply the sentence enhancement. However, Petitioner acknowledged that Jose Pita-Mota, an

individual involved in the drug deal but not present at the time of arrest, possessed a firearm. In addition, Rivera-Alvarado, Felix Pita-Mota, and Carreno-Guitierrez, who all arrived at the deal after departing from the home of Pita-Mota, either possessed firearms on their person or had access to firearms in their vehicle at the time of their arrest. Weapons were thus present at the commission of the crime. *See United States v. Willard*, 919 F.2d 606, 609 (9th Cir. 1990) ("The enhancement may be applied 'if the weapon was present' unless it is 'clearly improbable that the weapon was connected with the offense.'")(quoting U.S.S.G. § 2D1.1, cmt.); *United States v. Gavilan*, 966 F.2d 530, 532 (9th Cir. 1992) (applying the sentence enhancement for a firearm located in another room at the time of arrest). The Court accepts the R & R as to Count Three.

### D. Appointment of Counsel

Because an evidentiary hearing is warranted and because Petitioner has been determined to be indigent, (*see* Doc. 17), the Court shall appoint counsel. *See United States v. Duarter–Higareda*, 68 F.3d 369 (9th Cir. 1995) (citing Rule 8(c) of the Rules Governing Section 2255 Proceedings and stating that for an indigent petitioner "the rule makes the appointment of counsel mandatory when evidentiary hearings are required").

**IT IS THEREFORE ORDERED:**

1. The R & R (Doc. 23) is **ACCEPTED IN PART** and **DENIED IN PART**.

2. CJA attorney Matthew O. Brown is appointed as counsel of record to represent Petitioner in this matter.

3. The Court will hold an evidentiary hearing on Petitioner's Motion on **April 2, 2015 at 9:00 a.m.** in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151. The Court will set aside three hours for the hearing, although it expects the hearing to take less time. As the question to be addressed is the nature of the discussions between Petitioner and his counsel, Mark Paige, on the pre-conviction plea negotiations, the Government should be prepared to call Mr. Paige to testify and to present other evidence in support of its position, and counsel for Petitioner should be prepared to call Petitioner to testify and to present other evidence

in support of his position.

    4.    The Clerk of Court is directed to mail a copy of this Order to Mark Paige.

    5.    The Court will issue a Writ for the transportation of Mr. Hernandez to the District of Arizona for the evidentiary hearing by separate order.

Dated this 5th day of March, 2015.

Honorable G. Murray Snow
United States District Judge